UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-cr-0118-TWP-DLP |
| | ) | |
| JONATHAN WAYNE POWERS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 18, March 23, and April 21, 2022, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on February 3, 2022. Defendant appeared in person with his appointed counsel Joseph Cleary. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Powers of his rights and provided him with a copy of the petition. Defendant Powers orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Powers admitted violation numbers 1, 2, and 3. [Docket No. 61.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | As previously reported to the Court, on November 15, and 21, 2019, June 15, and 22, 2020, and November 15, 2021, Mr. Powers submitted urine samples which tested positive for amphetamines, and admitted he used methamphetamine. On June 29, and July 15, 2020, he submitted urine screens which tested positive for opiates, and admitted he used Tylenol 3 with codeine without a prescription for tooth pain. |
| 2 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month."** |
| | Following his positive test on November 15, 2021, the offender was referred back to Take Back Control for drug treatment. Mr. Powers spoke to his former therapist, and set an appointment for drug treatment sessions; however, he failed to return to treatment. |
| | As previously reported to the Court, On January 1, 2020, the offender was referred for drug treatment and testing via the random drop system at Take Back Control in Indianapolis. He was required to randomly submit three urine screens, and attend two individual drug treatment sessions each month. Mr. Powers was not in full compliance with his drug treatment or urine collection program. In January and March 2020, he only attended one treatment session. In February 2020, he attended one treatment session and only provided two urine samples. In April 2020, he attended no treatment sessions and only provided one urine sample. In May 2020, he attended no treatment sessions and provided no urine samples to the provider. |
| 3 | **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | The probation officer has attempted to find Mr. Powers at his residence, but he has not been there. Texts and phone messages have been sent to him, but he does not respond. A noncompliance letter was mailed to his last known address with instructions to contact this officer. He has not responded, and his whereabouts is unknown. It appears he has absconded from supervision. |

4.  The parties stipulated that:

    (a)  The highest grade of violation is a Grade B violation.

    (b)  Defendant's criminal history category is VI.

    (c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

5.  The parties jointly recommended a sentence to twenty-one (21) months with no supervised release to follow. Defendant requested placement at FCC Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no supervised release to follow. The Magistrate Judge will make a recommendation of placement at FCC Terre Haute. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 4/22/2022

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system